## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims is made by and entered into between Kelli Suttles, Jessica Tucker, Heidi Phelan, Timothy Phelan, Jeremy Jones, Terra Baker, Nina Meeks, Virginia Monhollen, Julie Potts, Stephanie Swigert, Briana Thoss, Leslie Thoss, and Peggy Miller, on behalf of themselves and all Opt-In Plaintiffs who have joined this lawsuit, on the one hand, and Buckeye Family Residential Care Services, Inc. and Brad Belcher, on the other hand, each of whom is hereinafter referred to as a **"Settling Party"** and all of whom are hereinafter referred to collectively as the **"Parties"** or **"Settling Parties"** where appropriate.

## RECITALS AND BACKGROUND

**WHEREAS**, on June 26, 2017, Plaintiffs commenced this action by filing a Complaint in the United States District Court for the Southern District of Ohio, Case No. 3:17-cv-1346 ("the Litigation").  Plaintiffs brought their claim as a collective action under the Fair Labor Standards Act ("FLSA"), alleging they, and similarly situated employees, were not paid overtime.

**WHEREAS**, the Parties engaged in discovery, exchanged information and documents, and they conducted detailed analyses of Plaintiffs' claims and Defendants' defenses.  On April 12, 2018, the Parties' settlement negotiations culminated in this Settlement Agreement.

**WHEREAS**, it is the desire and intention of the Parties that this Settlement Agreement shall, for each member of the Settlement Class, fully, finally, and forever settle, compromise, and discharge all disputes and claims that Plaintiffs asserted in the Litigation and that relate to or could have arisen out of the same facts alleged in the Litigation, including both asserted and unasserted claims, and including but not limited to claims for unpaid wages, minimum wages, overtime, penalties, or any other wage- or recordkeeping-related damages or relief pursuant to the

1

Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., or any state law regulating hours of work, wages, the payment of wages, and/or the payment of overtime compensation.

**WHEREAS**, it is the desire and intention of the Parties that under this Settlement Agreement, each member of the Settlement Class has received all wages and compensation to which they are entitled.

**WHEREAS**, Class Counsel has conducted a thorough investigation of the claims that Plaintiffs asserted in the Litigation and that relate to or could have arisen out of the same facts alleged in the Litigation, including both asserted and unasserted claims, and including but not limited to claims for unpaid wages, minimum wages, overtime, penalties, or any other wage or recordkeeping related damages or relief pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., or any state law regulating hours of work, wages, the payment of wages, and/or the payment of overtime compensation.  Based on their independent investigation and evaluation, Class Counsel believe that the settlement with Defendants for the consideration of and on the terms set forth in this Settlement Agreement is fair, reasonable, and adequate, and is in the best interest of Plaintiffs and all Potential Opt-in Plaintiffs in light of all known facts and circumstances, including the risk of delay, defenses asserted by Defendants, and numerous potential certification and appellate issues.

**WHEREAS**, Defendants expressly deny any liability or wrongdoing of any kind associated with the claims in this Litigation.  Defendants contend they have complied with applicable federal and state laws at all times.  By entering into the Settlement Agreement, Defendants do not admit any liability or wrongdoing and expressly deny the same.

**NOW, THEREFORE**, the Settling Parties, intending to be legally bound and in consideration of the mutual promises, covenants, and agreements set forth in this Agreement, and

other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, agree as follows:

**I.      SETTLEMENT APPROVAL PROCEDURE.**

As soon as practicable after execution of this Agreement, the Parties shall file a Joint Motion for Approval of the Settlement Agreement and submit a proposed Order thereon.  The Settling Parties agree to undertake all things and procedures reasonably necessary and appropriate to obtain approval of the settlement memorialized in this Agreement.  This Agreement is contingent upon the settlement terms memorialized herein, and is entered into voluntarily by the Settling Parties for settlement purposes only.

**II.     SETTLEMENT ALLOCATION.**

In consideration of the mutual covenants and promises set forth herein, the Parties agree, subject to the Court's approval, that Defendants will pay a total of $38,426.00, inclusive of payments to Plaintiffs for overtime wages allegedly owed, liquidated damages, class representative enhancement payments, and attorneys' fees and costs.  Within fourteen (14) days of the date of Court approval of the settlement agreement, Defendants will make payment as follows:

a)      <u>Wage Payments to Plaintiffs</u>:  Defendant shall make the following payments to Plaintiffs:

| Name | OT Wages |
|---|---|
| Baker, Terra | 70.00 |
| Cochran, Lesley | 50.00 |
| Cooper, Kendyl | 85.00 |
| Faggs, Jovonna | 50.00 |
| Flynn, Bryce | 50.00 |
| Fry, Shannon | 620.00 |

3

| | |
|---|---|
| Gonzales, Heather | 50.00 |
| Jones, Jeremy | 105.00 |
| Kirkland, Amy | 70.00 |
| Kremer, Kristie | 102.00 |
| Long, Rhonda | 50.00 |
| Meeks, Nina | 360.00 |
| Miller, Peggy | 70.00 |
| Monhollen, Virginia | 172.00 |
| Phelan, Heidi | 150.00 |
| Phelan, Timothy | 415.00 |
| Potts, Julie | 50.00 |
| Robson, Charlee | 50.00 |
| Ryan, Alyssa | 50.00 |
| Shields, Erika | 50.00 |
| Suttles, Kelli | 1335.00 |
| Swigert (Deitler), Stephanie | 578.00 |
| Switzer, Cynthia | 50.00 |
| Swygart, Kris | 65.00 |
| Thoss, Briana | 125.00 |
| Thoss, Leslie | 390.00 |
| Tucker, Jessica | 1059.00 |
| Wilson, Jill | 247.00 |
| **Total:** | **$7,018.00** |

These payments shall be allocated as wages and shall be reported on an IRS Form W-2 by Defendants. These wage payments shall be subject to all applicable deductions.

4

b)      <u>Statutory Damages Payments to Plaintiffs</u>:  Defendants shall make the

following payments to Plaintiffs:

| <u>Name</u> | <u>Liquidated Damages</u> |
|---|---|
| Baker, Terra | 70.00 |
| Cochran, Lesley | 50.00 |
| Cooper, Kendyl | 85.00 |
| Faggs, Jovonna | 50.00 |
| Flynn, Bryce | 50.00 |
| Fry, Shannon | 620.00 |
| Gonzales, Heather | 50.00 |
| Jones, Jeremy | 105.00 |
| Kirkland, Amy | 70.00 |
| Kremer, Kristie | 102.00 |
| Long, Rhonda | 50.00 |
| Meeks, Nina | 360.00 |
| Miller, Peggy | 70.00 |
| Monhollen, Virginia | 172.00 |
| Phelan, Heidi | 150.00 |
| Phelan, Timothy | 415.00 |
| Potts, Julie | 50.00 |
| Robson, Charlee | 50.00 |
| Ryan, Alyssa | 50.00 |
| Shields, Erika | 50.00 |
| Suttles, Kelli | 1335.00 |
| Swigert (Deitler), Stephanie | 578.00 |
| Switzer, Cynthia | 50.00 |

5

| | |
|---|---|
| Swygart, Kris | 65.00 |
| Thoss, Briana | 125.00 |
| Thoss, Leslie | 390.00 |
| Tucker, Jessica | 1059.00 |
| Wilson, Jill | 247.00 |
| **Total:** | **$7,018.00** |

These payments shall be allocated as statutory damages and Defendant shall issue an IRS Form 1099 to Plaintiffs reflecting these amounts.

c)   Class Representative Enhancement Payment:  Defendant shall make the following payments to the Representative Plaintiffs Suttles and Tucker:

Kelli Suttles          $500.00

Jessica Tucker          $500.00

The Class Representative Enhancement Payments will be paid, in addition to the Suttles' and Tucker's individual settlement payments.  Defendant shall issue an IRS Form 1099 to Suttles and Tucker reflecting the Class Representative Enhancement Payments.

d)   Attorneys' Fees and Costs:  Defendant will pay a total of $23,390.00 for attorneys' fees and costs payable to Mansell Law, LLC. Defendant shall issue an IRS Form 1099 to Mansell Law, LLC reflecting the total amount. This payment shall be inclusive of all attorneys' fees and costs of all Plaintiffs in the Litigation.  Except as otherwise provided herein, the Parties shall bear responsibility for their own fees, costs, and expenses arising from the Litigation.

### III.    RELEASES

In exchange for the monetary and other consideration recited in this Agreement, Plaintiffs hereby agree to dismiss the Lawsuit with prejudice and on the merits.  The Plaintiffs shall release all wage and hour claims against the Defendants arising between June 26, 2014, and up to the effective date of this settlement, that were or could have been asserted in the Lawsuit under the federal Fair Labor Standards Act (29 U.S.C. §§ 201, *et seq.*), the Ohio Minimum Fair Wage Standards Act (O.R.C. Chapter 4111), or any state or local law, including, but not limited to, all claims for minimum wages and unpaid regular or overtime wages; all derivative benefit claims (both ERISA and non-ERISA benefits); penalties, interest, and liquidated damages on such claims; regular rate calculations; and attorney's fees and costs relating to such claims.

### IV.    MODIFICATION OF THE AGREEMENT.

No waiver, modification, or amendment to the terms of this Agreement, whether purportedly made before or after entry of an Order approving this Agreement, shall be valid or binding unless made in writing and signed by the Settling Parties or their respective counsel, and then only to the extent set forth in such written waiver, modification, or amendment, subject to any required Court approval.  Any failure by the Settling Parties to insist upon strict performance of any provision of this Agreement shall not be deemed a waiver of any of the other provisions of this Agreement, and notwithstanding such failure, the Settling Parties shall thereafter have the right to insist upon strict performance of any and all provisions of this Agreement.

### V.    CONSTRUCTION AND INTERPRETATION.

A.    **Entire Agreement.**  This Agreement constitutes the entire agreement between the Settling Parties with respect to the subject matter contained herein and shall supersede all prior and contemporaneous negotiations between the Settling Parties.  This Agreement shall be

7

construed as a whole according to its fair meaning and intent, and not strictly for or against any of the Settling Parties, regardless of who drafted or was principally responsible for drafting this Agreement.  Class Counsel and Defense Counsel participated in the negotiation and drafting of this Agreement.  As such, the Settling Parties may not claim that any ambiguity in this Agreement should be construed for or against them.

        **B.**    <u>**No Reliance on Representations or Extrinsic Evidence.**</u>  Except as expressly provided herein, this Agreement has not been executed in reliance on any other oral or written representations or terms, and no such extrinsic oral or written representations or terms shall modify, vary, or contradict this Agreement.  In entering into this Agreement, the Settling Parties agree that it is to be construed according to its terms and may not be modified, varied, or contradicted by extrinsic evidence.

        **C.**    <u>**Controlling Law.**</u>  This Agreement shall be subject to, governed by, and construed, enforced, and administered in accordance with, the laws of the State of Ohio with respect to both its procedural and substantive aspects and without regard for the principle of conflict of laws. This Agreement shall be subject to the continuing jurisdiction of the United States District Court for the Southern District of Ohio.

        **D.**    <u>**Severability.**</u>  If any provision of this Agreement is held by a court of competent jurisdiction to be void, voidable, unlawful, or unenforceable, the remaining portions of this Agreement shall remain in full force and effect to the extent the effect of the Agreement and the obligations of the Settling Parties remain materially the same.

**VI.**    **COUNTERPARTS.**

        The Agreement, any amendments or modifications to it, and any other documents required to be executed in order to consummate or carry-out this Agreement, may be executed in one or

more counterparts, each of which shall be deemed an original of this Agreement.  All such counterparts shall together constitute one and the same instrument.  A photocopy, facsimile, or digital image of an executed counterpart shall be enforceable and admissible as an original.

## VII.  BINDING EFFECT.

This Agreement is binding upon and shall inure to the benefit of the Settling Parties.  It is agreed that it is impractical to have each Plaintiff execute this Settlement Agreement.  The Notice to all potential opt-in Plaintiffs advised them of the binding nature of this Agreement and such shall have the same force and effect as if each and every Plaintiff executed this Settlement Agreement.

## VIII.  ATTORNEY'S FEES, COSTS, AND EXPENSES.

Except as otherwise specifically provided in this Agreement, the Settling Parties shall bear responsibility for their own attorney's fees, costs, and expenses, taxable or otherwise, incurred by them or arising out of this Lawsuit, and shall not seek reimbursement thereof from any Settling Party.

## IX.  WARRANTY OF COUNSEL.

Class Counsel and Defense Counsel warrant and represent that they are expressly authorized by the Settling Parties to take all appropriate actions required or permitted to be taken pursuant to this Agreement in order to effectuate its terms.

## X.  CONTINUING JURISDICTION.

The Settling Parties agree to request that the United States District Court for the Southern District of Ohio retain continuing jurisdiction to:(1) construe, interpret, and enforce the provisions of this Agreement; and (2) hear and adjudicate any dispute or litigation arising from or relating to this Agreement or the issues of law and fact asserted in the Lawsuit.

## XI.    EFFECT OF NON-APPROVAL.

In the event the settlement memorialized in this Agreement is not approved by the Court for any reason, the Settling Parties will exert their best efforts to preserve the material terms of their settlement, address any concerns identified by the Court, and submit any additional pleadings or other documents as directed by the Court. If the Settling Parties cannot agree on revised settlement terms, or if the Court fails to approve a renegotiated settlement, then this Agreement and all matters covered by it shall be null and void. Should this occur, nothing in this Agreement shall be used or construed by or against any Settling Party as a determination, admission, or concession of any issue of law or fact in the Lawsuit; and the Settling Parties do not waive, but instead expressly preserve, their respective rights with respect to the prosecution and defense of the Lawsuit as if this Agreement never existed.

**KELLI SUTTLES AND JESSICA TUCKER, ON BEHALF OF THEMSELVES, THE NAMED PLAINTIFFS AND OPT-IN PLAINTIFFS:**

DATED:  4/24/18                    By:  _____
                                         Kelli Suttles

DATED:  4/24/18                    By:  _____
                                         Jessica Tucker

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**BUCKEYE FAMILY RESIDENTIAL CARE SERVICES, INC.**

DATED:  5/8/18                     By:  _____

                                   Name:  _____
                                         Authorized Representative

**BRAD BELCHER**

DATED:  5/8/18                     By:  _____
                                         Brad Belcher

10